WM. SCHLUTER v. HEBBY BOOMGARDEN, Appellant.

QUANTUM MERUIT: WHAT ADMISSIBLE ON: ERROR CURED BY SPECIAL FINDING: INSUFFICIENT ASSIGNMENT OF ERROR.

*Appeal from Lyon District Court.*—HON. SCOTT M. LADD, Judge.

WEDNESDAY, MAY 16, 1894.

PLAINTIFF brings this action to recover for wages as a farm hand, and for other items of account, including money loaned. The account aggregates one thousand, three hundred and eighty-four dollars and forty-two cents, upon which there is a conceded credit of two hundred and twelve dollars and fifty cents, and a balance claimed of one thousand, one hundred and seventy-one dollars and ninty-two cents. The answer is an admission as to some of the claims of plaintiff and a denial as to others, and presents a counterclaim, with a balance in his favor of two

hundred and fifty dollars. The plaintiff filed a denial, and a jury trial was had upon the issues, resulting in a verdict for the plaintiff for seven hundred and forty-six dollars and sixteen cents. The plaintiff filed a remittitur of the amount of the verdict in excess of seven hundred and sixteen dollars, and a judgment was entered for that amount from which the defendant appealed.—*Affirmed.*

*.J. M. Parsons* for appellant.

*McMillan & Dunlap* for appellee.

GRANGER, C. J.—I. The plaintiff was a witness, and was asked if the defendant, while he was at work for him, consulted with him about the management of the farm, and he was permitted to answer the question. It is urged that the plaintiff is suing to recover for work only, and not for work as a manager. That is true, but his wages were not stipulated, and he is entitled to the reasonable value of it. The testimony was proper in fixing the value of the work. Certainly a hand that is competent to advise as to the conduct of a farm may be of more value than one not competent to do so.

II. An item of appellee's account is for nine dollars and seventy-five cents for work for one Priester on a well, charged as having been collected by defendant. The court, in its instructions, referred the item, with other similar items, to the jury, and it is said that there is no evidence to warrant it. It is sufficient to say that there is no assignment of error on which the point can be presented here. There is error assigned as to the same instruction (No. 4), but it is on other and specified grounds.

III. Plaintiff presented an item for money loaned of three hundred dollars. The loan was not evidenced by writing, and the court submitted to the jury the question whether or not there was an agreement to pay eight per cent interest. It is claimed that the submission of the question was error, because such a rate of interest could not be allowed, unless agreed to in writing. By a special finding it appears that the jury found that there was no such agreement, and hence there could have been no prejudice.

IV. It is contended that the verdict is excessive, but we think not. The items and facts leading to a conclusion are too numerous to justify setting them out in support of it, and a discussion of the evidence would be of no use. AFFIRMED.